IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY E. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-3765 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | : : : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                           August 4, 2014

The plaintiff, Anthony E. Williams, proceeding *pro se*, brings this action pursuant to 42 U.S.C. 1983 against numerous defendants, including: the Commonwealth of Pennsylvania, Department of Corrections ("DOC"), State Correctional Institution – Mercer ("SCI Mercer"), State Correctional Institution – Camp Hill ("SCI Camp Hill"), State Correctional Institute – Graterford ("SCI Graterford"), Lehigh County, Lehigh County Clerk of Judicial Records, Brian Thompson, individually and in his official capacity as superintendent, Brenda Goodall, individually and in her official capacity as records supervisor, Paul G. Theriault, individually and in his official capacity as "CCPM", Martin P. Aubel, individually and in his official capacity as deputy supervisor, Amanda Cauvel, individually and in her official capacity as records specialist, Jeffrey P. Hoovler, individually and in his official capacity as facility grievance coordinator, Mary Ann Durborow, individually and in her official capacity as records specialist II, Linda Graves, individually and in her official capacity as unit manager, Michael Appelgarth, individually and in his official capacity as counselor, Timothy Henry, individually and in his official capacity as DCC director, Terri L. Richardson, individually and in her official capacity,

Nora M. Williams, individually and in her official capacity, Monica B. Knowlden, individually and in her official capacity, Melissa L. Myers, individually and in her official capacity, Judge James T. Anthony, individually and in his official capacity as judge, Toni A. Remer, individually and in her official capacity as chief deputy of Lehigh County, and Virginia Schuler, individually and in her official capacity as assistant chief deputy of Lehigh County.[1]  The plaintiff seeks to proceed *in forma pauperis*.  As discussed below, the court will (1) grant the plaintiff leave to proceed *in forma pauperis*, (2) dismiss with prejudice the claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford, and (3) dismiss without prejudice the claims against all other defendants.  The court will also grant leave to the plaintiff to file an amended complaint.

## I.     ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff commenced this action by filing a complaint and a "Motion to Proceed in Fora [sic] Pauperis" in the United States District Court for the Western District of Pennsylvania on May 23, 2014.  *See Williams v. Commonwealth of Pa. Dep't of Corr.*, No. 2:14-cv-674 (W.D. Pa.), Doc. No. 1.  The complaint consists of 28 numbered paragraphs in which he includes allegations regarding the parties, venue, and jurisdiction.  *See* Compl. at 4-8.  Regarding the substance of his particular claim or claims in this case, the plaintiff refers to his claims arising under 42 U.S.C. § 1983 and § 1988.  *See id.* at ¶ 1.  Regarding the named defendants, the plaintiff appears to have named individuals who played in role in calculating his release date from prison.  *See, e.g., id.* at ¶¶ 7, 8 (explaining as part of job description that defendants were responsible for accurately calculating his date of release).  Nonetheless, despite the passing references to Section 1983 and the alleged duties of some of the named defendants, the plaintiff fails to assert any allegations relating to the underlying facts of his claim or claims and he does

---

[1] Although not listed on the caption, the plaintiff also identifies Jennifer Lynn Shrift and Denise L. Woods as defendants in the body of the complaint.  *See* Compl. at 7.

not identify the precise cause of action (or constitutional violations) he is attempting to assert in this case. *See* Compl. In addition, although the plaintiff has not identified any underlying facts or specific constitutional violations, he does include an *ad damnum* clause in which he seeks compensatory and punitive damages. *Id.* at 8.

On June 16, 2014, the Honorable Maurice B. Cohill entered an order transferring the case to this court under 28 U.S.C. § 1404(a). On July 9, 2014, the court entered an order denying without prejudice the motion to proceed *in forma pauperis* and requesting that the Clerk of Court provide the plaintiff with an appropriate non-prisoner application to proceed *in forma pauperis*. Doc. No. 2. The plaintiff then filed an Application to Proceed in District Court Without Prepaying Fees or Costs (the "IFP Motion") on July 17, 2014. Doc. No. 3.

## II.    DISCUSSION

### A.    The IFP Motion

Regarding motions to proceed *in forma pauperis*, the court notes that

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a). When addressing motions to proceed *in forma pauperis* under Section 1915, district courts undertake a two-step analysis: "First, the district court evaluates a litigant's financial status and determines whether [he or she] is eligible to proceed *in forma pauperis* under § 1915(a). Second, the court assesses the complaint under § 1915[(e)(2)] to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)).[2]

---

[2] The *Roman* court referenced the former version of 28 U.S.C. § 1915(d), which stated that "[t]he court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of

Concerning the litigant's financial status, the litigant must establish that he or she is unable to pay the costs of suit. *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Generally, where a plaintiff files an affidavit of poverty, the district court should accord the plaintiff a preliminary right to proceed *in forma pauperis*. *Lawson v. Prasse*, 411 F.2d 1203, 1203 (3d Cir. 1969) (citing *Lockhart v. D'Urso*, 408 F.2d 354 (3d Cir. 1969)).

Here, after reviewing the IFP Motion, it appears that the plaintiff is unable to pay the costs of suit. Therefore, the court grants the plaintiff leave to proceed *in forma pauperis*.

### B.   Review Under 28 U.S.C. § 1915(e)(2)(B)

Because the court has granted the plaintiff leave to proceed *in forma pauperis*, the court must engage in the second part of the two-part analysis and examine whether the complaint is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (providing that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-- . . . (B) the action or appeal-- (i) is frivolous or malicious; [or] (ii) fails to state a claim on which relief may be granted"). A complaint is frivolous under Section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). In addressing whether a *pro se* plaintiff's complaint is frivolous, the Court must liberally construe the allegations in the complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339-40 (3d Cir. 2011).

---

poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1990) (redesignated as Section 1915(e) by the Prison Litigation Reform Act, Pub.L. No. 104-135, 110 Stat. 1321 (1996)). The portion of Section 1915(d) which allowed the district court to dismiss frivolous *in forma pauperis* complaints is now codified at 28 U.S.C. § 1915(e)(2)(B)(i). *See* 28 U.S.C. § 1915(e)(2)(B)(i) (stating frivolous nature of *in forma pauperis* complaint is ground for dismissal).

Regarding the analysis under Section 1915(e)(2)(B)(ii), the standard for dismissing a complaint for failure to state a claim pursuant to this subsection is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, presuming that the plaintiff is attempting to assert a Section 1983 claim against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford, those claims are legally frivolous because those defendants are not "persons" for purposes of Section 1983.[3] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (concluding that an individual may not sue a state in federal court under Section 1983 because a state is not a "person" under that section); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."). In addition, these Commonwealth defendants are entitled to Eleventh Amendment immunity. *See Pettaway*, 487 F. App'x at 768 (pointing out that Commonwealth's Department of Corrections is a state agency under 71 Pa. Adm. Code § 61, and concluding that the Eleventh Amendment barred the lawsuit against the Department of Corrections and SCI–Albion because "Congress has not abrogated the States' immunity from

---

[3] Section 1983 provides in pertinent part as follows:
> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

section 1983 actions, and Pennsylvania has withheld its consent to suit in federal court" (internal citation omitted)); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) ("Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, . . . it shares in the Commonwealth's Eleventh Amendment immunity."); *see also* 42 Pa. C.S. § 8521 (stating that nothing in the Political Subdivision Tort Claims Act "shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"). Therefore, the court will dismiss with prejudice any Section 1983 claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford.[4]

As for the remaining named defendants, although the plaintiff appears to assert claims concerning how officials in Lehigh County and the DOC improperly calculated his state sentence, he has not alleged any facts to support these claims and, as such, he has failed to state a claim upon which relief may be granted. In particular, the plaintiff has not described the sentence he was serving, how the defendants allegedly improperly calculated his sentence, the constitutional rights the defendants allegedly violated, or how each named defendant was personally involved in the violation of his rights. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, . . . and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." (citations and internal quotations

---

[4] As indicated above, the plaintiff also references 42 U.S.C. § 1988. *See* Compl. at 4. Section 1988 does not provide an independent cause of action. *See, e.g.*, *Estes v. Tuscaloosa County, Ala.*, 696 F.2d 898, 901 (11th Cir. 1983) ("Section 1988 authorizes attorney's fees as part of a remedy for violations of civil rights statutes; it does not create an independent right of action.").

omitted)).[5]  Therefore, the plaintiff has not alleged sufficient facts to state a plausible claim in this case and the court will dismiss the claims against the remaining defendants.

Although the court will also dismiss these claims against the other named defendants, the court must also address whether to provide the plaintiff with leave to amend the complaint.  A district court should generally provide a *pro se* plaintiff with leave to amend unless an amendment would be inequitable or futile.  *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  The court does not find that an amendment would be inequitable or futile in this case considering that the plaintiff has not yet articulated the facts underlying his proposed cause of action in this case.  Accordingly, the court will dismiss the aforementioned claims (against the named defendants other than the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford) without prejudice and grant leave to the plaintiff to file an amended complaint.[6]

### III.  CONCLUSION

For the reasons set forth above, the Court will (1) grant the plaintiff leave to proceed *in forma pauperis*, (2) dismiss with prejudice the claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford because they are legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) and (3) dismiss without prejudice the claims against the remaining defendants under 28 U.S.C. §

---

[5] Furthermore,
> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive e order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted).  The IFP Motion references a proceeding in the Commonwealth Court of Pennsylvania, which suggests that the plaintiff received some sort of relief related to the claims raised in the complaint.  *See* IFP Motion at 5.  Despite this reference in the IFP Motion, the plaintiff does not cite to that proceeding or provide any other facts about proceedings in state court relating to his sentence in the complaint.

[6] If the plaintiff files an amended complaint, the plaintiff must identify all of the defendants in the caption of the amended complaint in addition to the body of the amended complaint.  In addition, he must include allegations relating to the underlying facts supporting his claims in this case.

1915(e)(2)(B)(ii).  In addition, the court grants the plaintiff leave to file an amended complaint within thirty (30) days of the accompanying order.

                BY THE COURT:

                */s/ Edward G. Smith*
                EDWARD G. SMITH, J.