IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY E. WILLIAMS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-3765 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA DEPARTMENT OF | : | |
| CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                January 13, 2015

The plaintiff, Anthony E. Williams, who is proceeding *pro se* and *in forma pauperis*, has

brought this action under 42 U.S.C. § 1983 and Pennsylvania law based on allegations that the

defendants imprisoned him for 445 days beyond his maximum sentence date.   The court

dismissed the initial complaint and granted leave to the plaintiff to file an amended complaint.

The plaintiff filed an amended complaint in an apparent attempt to cure deficiencies in the

original complaint.    After filing the amended complaint, the plaintiff filed a request for

reconsideration of the court's order dismissing the original complaint and granting him leave to

file an amended complaint. As explained below, the court denies the request for reconsideration

because the plaintiff has failed to articulate any cognizable ground for reconsideration of the

order dismissing the original complaint.  In addition, after reviewing the allegations in the

amended complaint as required by 28 U.S.C. § 1915(e)(2), the court must again dismiss the

amended complaint because (1) the plaintiff's claims against a number of the defendants are

legally frivolous and those defendants are immune from liability, and he has failed to state claims

for relief against the remaining defendants.  Although the court is once again dismissing the

plaintiff's pleading, the court will provide him with leave to file a second amended complaint to allow him to provide sufficient factual support for his claims against the remaining defendants.

## I.    ALLEGATIONS AND PROCEDURAL HISTORY

The plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP") in the United States District Court for the Western District of Pennsylvania on May 23, 2014. *See* W.D. Pa. Original R., *Williams v. Commonwealth of Pa. Dep't of Corr.*, No. 2:14-cv-674, Doc. No. 1.[1] On June 13, 2014, the Honorable Lisa Pupo Lenihan granted the motion to proceed IFP and directed the Clerk of Court for the Western District of Pennsylvania to file the complaint. *Id.* On that same date, the Clerk of Court filed the complaint, in which the plaintiff purported to assert causes of action under 42 U.S.C. § 1983 and state law against numerous defendants, including, among others, the Commonwealth of Pennsylvania, Department of Corrections (the "DOC"), State Correctional Institution – Mercer ("SCI Mercer"), State Correctional Institution – Camp Hill ("SCI Camp Hill"), and State Correctional Institution – Graterford ("SCI Graterford"). *Id.*

The Honorable Maurice B. Cohill entered an order transferring the case from the Western District of Pennsylvania to this court on June 16, 2014. *Id.* Upon assignment of the case to the undersigned, the court considered the plaintiff's motion to proceed IFP and denied the motion without prejudice to the plaintiff to file an amended motion by using the non-prisoner application and providing sufficient financial information to allow the court to properly analyze the motion. *See* 7-9-14 Order, Doc. No. 2. The plaintiff filed an amended application to proceed IFP on July 17, 2014. Doc. No. 3. The court reviewed the amended application and entered a memorandum opinion and an order on August 4, 2014, in which the court: (1) granted the amended application to proceed IFP; (2) dismissed with prejudice the claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford because those defendants are not "persons" for purposes of 42 U.S.C. §

---

[1] The plaintiff attached a copy of the proposed complaint to the motion.  Doc. No. 1.

1983, and even if they were "persons" under that statute, they were entitled to Eleventh

Amendment immunity; (3) dismissed without prejudice the plaintiff's remaining claims because

he failed to allege how each remaining defendant was personally involved in the violation of his

rights; and (4) granted the plaintiff leave to file an amended complaint by September 3, 2014, as

to those claims that the court dismissed without prejudice.[2] *See* Mem. Op., Doc. No. 4; 8-4-14

Order, Doc. No. 5.

The plaintiff filed an amended complaint on November 24, 2014. Doc. No. 6. Despite

the court's prior order dismissing with prejudice the claims against the DOC, SCI Mercer, SCI

Camp Hill, and SCI Graterford, the plaintiff has once again named them as defendants in this

action. Am. Compl. at 1, 4, 6-7. The plaintiff also names the following defendants: (1) Lehigh

County; (2) the Lehigh County Clerk of Judicial Records; (3) Brian Thompson, the

superintendent of SCI Mercer; (4) Brenda Goodall, the "Records Supervisor of DOC and/or

Mercer;" (5) Paul G. Theriault, the "CCPM of DOC and/or Mercer;" (6) Martin P. Aubel, the

deputy superintendent of SCI Mercer; (7) Amanda Cauvel, a records specialist at "DOC and/or

Mercer;" (8) Jeffrey Hoovler, a facility grievance coordinator at SCI Mercer; (9) Mary Ann

Durborow, a records specialist at "DOC and/or Camp Hill;" (10) Linda Graves, a unit manager at

SCI Mercer; (11) Michael Appelgarth, a counselor at SCI Mercer; (12) Timothy Henry, the

"DCC Director of DOC and/or Camp Hill;" (13) Terri L. Richardson, a DOC employee at SCI

Camp Hill; (14) Nora M. Williams, a DOC employee at SCI Camp Hill; (15) Monica B.

Knowlden, a DOC employee at SCI Camp Hill; (16) Melissa L. Myers, a DOC employee at SCI

Camp Hill; (17) the Honorable James T. Anthony, a Judge sitting on the Lehigh County Court of

Common Pleas; (18) Jay Jenkins, a Lehigh County district attorney; and (19) Carol Marciano, a

---

[2] The complaint was structured in a manner in which the plaintiff included allegations identifying each defendant and asserting a prayer for relief without including any substantive allegations of wrongdoing. *See* Compl. at 4-8, Doc. No. 1-1. In addition, while the plaintiff stated that he was asserting a state law claim in his introduction, no such claim was included in the body of the complaint. *Id.*

3

public defender employed by Lehigh County.[3] *Id.* at 1-4, 6-11. The plaintiff has sued the aforementioned individual defendants in their official and individual capacities. *Id.*

Concerning the substance of the plaintiff's allegations in the amended complaint, he alleges that Judge Anthony sentenced him on April 28, 2009, to county imprisonment for a period of a minimum of 90 days to a maximum of two years for the offense of Driving Under the Influence ("DUI") (third offense) at Docket No. CR-790-2009. *Id.* at ¶ 29. Judge Anthony also ordered that the plaintiff receive credit for time served in custody resulting from this offense. *Id.*

The plaintiff apparently received parole and eventually violated the terms of this parole. *Id.* at 30. Judge Anthony presided over the parole violation hearing, after which he ordered that the plaintiff serve the balance of the sentence previously imposed and receive credit for all time spent in custody resulting from the DUI offense. *Id.* The Clerk of Courts of Lehigh County forwarded the written terms of the plaintiff's sentence to the DOC on or about September 21, 2010.[4] *Id.* at ¶ 31. These terms indicated that the plaintiff was entitled to 552 days of credit for time served. *Id.*

When the plaintiff transferred from Lehigh County Prison to SCI Graterford on September 24, 2010, to begin serving his sentence, the defendants received a copy of the sentencing form showing that he had previously served 552 days on the DUI charge. *Id.* at ¶ 32. Although the plaintiff's maximum sentence expired on March 6, 2011, the DOC did not release him from incarceration at SCI Mercer until May 25, 2012, when he apparently prevailed on a writ of mandamus in state court. *Id.* at ¶¶ 33, 34.

---

[3] As in the original complaint, the plaintiff once again identifies Jennifer Lynn Shrift, a DOC employee at SCI Camp Hill, and Denise L. Woods, a DOC employee at SCI Camp Hill, as defendants in the body of the amended complaint even though they are not named as defendants in the caption. *See* Am. Compl. at ¶¶ 24, 25.

[4] Although not alleged by the plaintiff, Judge Anthony presumably changed the location of incarceration from county prison to state prison.

4

Based on these allegations, the plaintiff asserts a count for alleged constitutional violations under 42 U.S.C. § 1983 and a separate state-law count for the tort of false imprisonment.[5]  *Id.* at 12, 13.  The plaintiff avers that despite his repeated demands that the defendants release him, they "unlawfully imprisoned [him] for at least 444 days in excess of the expiration of his maximum sentence."[6]  *Id.* at ¶¶ 36, 37.  He claims that this unlawful incarceration violated his Eighth Amendment right to be free of cruel and unusual punishment, and he asserts a substantive due process claim under the Fourteenth Amendment. *Id.* at ¶ 38.  He also asserts that the defendants' conduct caused him to suffer various forms of damages, including, *inter alia*, lost wages, lost personal property, and pain and suffering.  *Id.* at ¶¶ 39-41.

Even though the plaintiff filed an amended complaint, he filed a request on December 29, 2014, that the court reconsider the order dismissing the original complaint. Doc. No. 7.  In this document, the plaintiff appears to assert that the court should reconsider the prior order because the original complaint was missing "section III" and, as alleged in his amended complaint, he received a favorable state-court ruling on his claim that he was improperly incarcerated beyond his maximum sentence date.  *Id.*  The plaintiff also appears to contend that the court should reconsider the prior order because the Clerk of Court's office had recorded the wrong mailing address for him and he did not receive the court's August 4, 2014 memorandum opinion and order.  *Id.*

---

[5] The amended complaint also references 42 U.S.C. § 1988 as a basis for the plaintiff's claims.  As explained in the August 4, 2014 memorandum opinion, section 1988 does not provide a basis for a cause of action. *See* Mem. Op. at 6 n.4, Doc. No. 4.

[6] As indicated above, the court has calculated 445 days between the plaintiff's alleged maximum sentence date and the date of his release from prison.

## II.   DISCUSSION

### A.   The Plaintiff's Request for Reconsideration

The plaintiff requests that the court reconsider the order dismissing the original complaint for the aforementioned reasons. A party seeking reconsideration must establish "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available [at the time of the court's prior ruling]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). As explained below, the plaintiff has failed to establish any basis for reconsidering the August 4, 2014 order.

In this regard, the plaintiff does not assert that there has been an intervening change in the controlling law applicable to district courts' review of complaints under 28 U.S.C. § 1915(e)(2). Additionally, although the plaintiff references that the Commonwealth Court of Pennsylvania granted him relief in his mandamus action based on his claim that the DOC failed to properly credit him for time served in calculating his maximum sentence, this fact was available to him at the time of filing his initial complaint. Even if this fact was a **new** fact, the plaintiff has already included allegations relating to this decision in the amended complaint, which the court will consider in conducting a *sua sponte* review of the amended complaint as permitted under 28 U.S.C. § 1915(e)(2)(B). Finally, the plaintiff has not identified any error of law or fact, and there is no showing of manifest injustice in this case as the court will be considering the allegations in the amended complaint.

In addition, the fact that the Clerk's Office had recorded an incorrect address for the plaintiff does not provide a basis for relief because it did not affect the court's review of the allegations contained in the original complaint. Although the inaccurate address may have caused a delay in the plaintiff filing an amended complaint relative to the deadline imposed in

the August 4, 2014 order, the court will review the amended complaint in the same manner as if the plaintiff had filed it in a timely manner in accordance with that order. Accordingly, as the plaintiff has failed to demonstrate that the court should reconsider the August 4, 2014 order, the court denies the request for reconsideration.

## B.   Review of the Amended Complaint Under 28 U.S.C. § 1915

### 1.   Grounds for *Sua Sponte* Dismissal Under 28 U.S.C. § 1915(e)(2)(B)

As the plaintiff is proceeding IFP, the court screens the amended complaint in accordance with 28 U.S.C. § 1915(e)(2). Section 1915(e)(2)(B) provides three grounds for dismissing a *pro se* action in which the plaintiff is proceeding IFP; more specifically, it provides in relevant part that

[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that— . . .

(B) the action . . .—

(i) is frivolous or malicious;
(ii) fails to state a claim upon which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

*Id.* (emphasis added). For the first ground, a complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Regarding the second ground, the standard for dismissing a complaint for failure to state a claim pursnant to section 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state a claim under section 1915(e)(2)(B)). Thus, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because the plaintiff is proceeding *pro se*, the court must liberally construe the allegations contained in the amended complaint. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). As for the final ground, section 1915(e)(2)(B)(iii) "permits *sua sponte* dismissal on immunity grounds where it is clear on the face of the complaint that a party is immune from suit." *Newland v. Reehorst*, 328 F. App'x 788, 791 (3d Cir. 2009) (citation omitted).

## 2. Analysis

### a. Claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford

With regard to the plaintiff's purported claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford, the court previously explained that the section 1983 claims are

> legally frivolous because those defendants are not "persons" for purposes of [s]ection 1983.[7] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (concluding that an individual may not sue a state in federal court under Section 1983 because a state is not a "person" under that section); *Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983.").

Mem. Op. at 5 (footnote in original). The court also explained that

> [i]n addition, these Commonwealth defendants are entitled to Eleventh Amendment immunity. *See Pettaway*, 487 F. App'x at 768 (pointing out that Commonwealth's Department of Corrections is a state agency under 71 Pa. Adm. Code § 61, and concluding that the Eleventh Amendment barred the lawsuit against the Department of Corrections and SCI–Albion because "Congress has not abrogated the States' immunity from section 1983 actions, and Pennsylvania has

---

[7] Section 1983 provides in pertinent part as follows:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (emphasis added).

8

withheld its consent to suit in federal court" (internal citation omitted)); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) ("Because the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, . . . it shares in the Commonwealth's Eleventh Amendment immunity."); *see also* 42 Pa. C.S. § 8521 (stating that nothing in the Political Subdivision Tort Claims Act "shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States").

*Id.* at 5-6. Accordingly, the court will once again dismiss with prejudice the plaintiff's claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford because those claims are legally frivolous and wrongfully attempt to seek monetary damages against defendants who are immune from relief.

### b. Claims against Judge Anthony

Concerning the plaintiff's claims against Judge Anthony, those claims are subject to dismissal with prejudice because they are legally frivolous and improperly attempt to seek monetary relief against a defendant who is immune from relief. Judge Anthony, as a member of the judiciary, is immune from suit for damages in this section 1983 action. *See Pierson v. Ray*, 386 U.S. 547, 554-55 (1967) (concluding that section 1983 did not abolish judges' absolute immunity from suit); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts."). In addition, under Pennsylvania law, judges are "absolutely immune from liability when performing judicial acts, even if their actions are in error or performed with malice[.]" *Langella v. Cercone*, 34 A.3d 835, 838 (Pa. Super. 2011) (qnotations omitted). The plaintiff appears to be seeking damages from Judge Anthony based on the acts the judge took in his judicial capacity when he sentenced the plaintiff. *See* Am.

9

Compl. at ¶¶ 29, 30. As such, Judge Anthony is immune from the plaintiff's section 1983 and state-law claims.[8]

### c. Claims against Lehigh County

With regard to Lehigh County, the plaintiff has failed to state a claim for relief against Lehigh County. More specifically, "when a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell v. New York City Dep't of Human Servs.*, 436 U.S. 658 (1978)). The plaintiff fails to allege facts showing that a municipal policy or custom was responsible for his imprisonment beyond his maximum sentence; therefore, the court dismisses without prejudice this claim as well.[9]

### d. Claims against the remaining defendants

As for the remaining defendants, to the extent that the defendants, Brian Thompson, Brenda Goodall, Paul P. Theriault, Martin P. Aubel, Amanda Cauvel, Jeffrey P. Hoovler, Mary Ann Durborow, Linda Graves, Michael Appelgarth, Timothy Henry, Terri L. Richardson, Nora M. Williams, Monica B. Knowlden, Melissa L. Myers, Jennifer Lynn Schrift, and Denise L. Woods, are being sued for money damages in their official capacities as employees of the DOC, SCI Mercer, SCI Camp Hill, or SCI Graterford, the Eleventh Amendment bars those claims. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1984) ("[T]he Eleventh Amendment bars a damages

---

[8] Additionally, the plaintiff does not allege that Judge Anthony played any role in his incarceration beyond his maximum date or the apparently improper calculation of his credit for time served. The only allegations that relate to Judge Anthony concern the judge imposing the original sentence and the parole violation sentence, and the plaintiff avers that the judge specifically ordered that the plaintiff receive credit for time served. *See* Am. Compl. at ¶¶ 29, 30. Thus, in addition to Judge Anthony's immunity from suit in this action and the frivolous nature of the claims against him, the plaintiff has failed to state a claim for relief against Judge Anthony.

[9] While the court need not address this claim here, it would also appear that Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa.C.S. §§ 8541-8564, bars the plaintiff's pendent state tort claim for false imprisonment. *See, e.g., Perez v. City of Bethlehem*, No. 96-cv-1632, 1996 WL 377124, at *3-*4 (E.D. Pa. July 5, 1996) (concluding that PSTCA barred plaintiff's tort claims for false imprisonment and intentional infliction of emotional distress against Northampton County).

10

action against a State in federal court[, and t]his bar remains in effect when State officials are sued for damages in their official capacity."); *see also Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 117 (1984) (concluding that a party may not sue a state or state official in federal court for violations of state law committed in their official capacity regardless of the relief sought). With regard to the plaintiff's claims against these defendants in their individual capacities and the claims against the defendants, Jay Jenkins, Carol Marciano, and the Lehigh County Clerk of Judicial Records, the plaintiff has failed to state section 1983 claims for violations of the Eighth and Fourteenth Amendments to the United States Constitution.

For the plaintiff's Eighth Amendment claim, the court recognizes that "[a]n inmate's detention beyond his or her maximum term of imprisonment could constitute cruel and unusual punishment in violation of the Eighth Amendment." *Montanez v. Thompson*, 603 F.3d 243, 250 (3d Cir. 2010) (citing *Sample v. Diecks*, 885 F.2d 1099, 1107-08 (3d Cir. 1989)). Nonetheless, to succeed on such an "Eighth Amendment claim for incarceration without penological justification," the plaintiff must establish the following elements:

(1) a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) a causal connection between the official's response to the problem and the unjustified detention.

*Id.* at 252 (citing *Sample*, 885 F.2d at 1110).

As for the plaintiff's substantive due process claim, "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful government actions 'regardless of the procedures used to implement them.'" *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). An inmate raising a substantive due process challenge to an executive action such as the calculation of his sentence must establish that the

11

government's behavior "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Evans v. Sec'y Pa. Dep't of Corr.*, 645 F.3d 650, 660 (3d Cir. 2011). Conduct that is "most likely to rise to the conscience-shocking level is 'conduct intended to injure in some way unjustifiable by any government interest.'" *Chavez v. Martinez*, 538 U.S. 760, 775 (2003) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998)). Negligent conduct is not considered conscience-shocking; instead, a pleading must establish that the defendants acted intentionally or with deliberate indifference. *Evans*, 645 F.3d at 660.

Additionally, with respect to the plaintiff's section 1983 claims generally, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Supervisors may be liable for a constitutional violation if they established and maintained a policy, practice, or custom that caused the constitutional violation, or if they participated in violating the plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in their subordinates' violations.[10] *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-20 (3d Cir. 2014) (discussing and "identif[ying] two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates"). Also, "the level of intent necessary to

---

[10] In the context of a former prisoner's section 1983 claim based on being incarcerated beyond the prisoner's maximum sentence, the Third Circuit has explained that

> not every official who is aware of a problem exhibits indifference by failing to resolve it. A warden, for example, although he may have ultimate responsibility for seeing that prisoners are released when their sentences are served, does not exhibit deliberate indifference by failing to address a sentence calculation problem brought to his attention when there are procedures in place calling for others to pursue the matter. On the other hand, if a prison official knows that, given his or her job description or the role he or she has assumed in the administration of the prison, a sentence calculation problem will not likely be resolved unless he or she addresses it or refers it to others, it is far more likely that the requisite attitude will be present.

*Sample*, 885 F.2d at 1110. Thus, an individual's position as a superintendent, warden, deputy superintendent, deputy warden, in itself, does not establish that this individual acted with deliberate indifference if subordinates are responsible for handling issues that arise in calculating an inmate's sentence.

establish supervisory liability will vary with the underlying constitutional tort alleged."[11] *Id.* at 319.

Turning to the court's review of the allegations in the amended complaint, in the first instance it does not appear that the plaintiff may maintain a substantive due process claim in this case. As indicated above, the plaintiff has alleged that the defendants imprisoned him beyond his maximum release date, a claim that is cognizable under the Eighth Amendment. *See Montanez*, 603 F.3d at 250. Because the Supreme Court of the United States is "reluctant to expand the concept of substantive due process," the Court established the "more-specific provision rule." *County of Sacramento v. Lewis*, 523 U.S. 833, 843-44 (1998). "Under this rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard applicable to that specific provision, not under the rubric of substantive due process.'" *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010) (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997)). The plaintiff here does not allege any other misconduct committed by these defendants other than having been held in prison beyond his maximum release date; therefore, the "more-specific provision rule" appears to preclude the assertion of a substantive due process challenge. *See, e.g., Granberry v. Chairman of Pa. Bd. of Prob. and Parole*, No. 07-272, 2010 WL 486593, at \*5 (W.D. Pa. Feb. 5, 2010) (granting summary judgment for defendants on plaintiff's substantive due process claims arising from his imprisonment beyond his maximum sentence "because [p]laintiff has, or easily could have, brought the same claim(s) under the Eighth

---

[11] In *Barkes*, the Third Circuit held that a supervisor charged with Eighth Amendment violations must exhibit deliberate indifference for liability to attach. 766 F.3d at 319. The court left open "whether and under what circumstances a claim for supervisory liability derived from a violation of a different constitutional provision remains valid." *Id.* at 320. For purposes of this opinion only, the court assumes the existence of supervisory liability for a substantive due process claim.

13

Amendment[; thus, his] Fourteenth Amendment substantive due process claims are not cognizable under the 'explicit source rule'").

Even if the plaintiff could maintain a substantive due process claim along with his Eighth Amendment claim, he fails to allege any facts plausibly establishing that the remaining defendants were aware of the conditions of his confinement, regarded him with deliberate indifference, or were otherwise personally involved in the violation of his rights. Instead, the plaintiff repeatedly uses the word "defendants" in his relatively brief description of the conduct giving rise to his claims. Doing so is wholly insufficient as it does not place any of these defendants on fair notice of the particular claims against them because the plaintiff has named numerous individuals as defendants and the actions giving rise to his claims apparently occurred during his periods of incarceration at three different state prisons and possibly in the Lehigh County Prison. *See Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that plaintiff failed to satisfy *Iqbal*'s pleading requirements in collectively referring to "defendants" as having committed certain conduct as doing so rendered amended complaint "ambiguous about each [d]efendant's role in the operation and whether he committed the act himself or supervised other agents in doing so"). In addition, the plaintiff merely recites to these remaining defendants' positions within their respective prison systems without including any allegations about what role, if any, they played in violating his rights. *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, . . . and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." (citations and internal quotations omitted)).

Moreover, some of the allegations suggest that certain defendants were not at all responsible for the plaintiff being held beyond his maximum sentence date. For example,

14

although the plaintiff identifies the Lehigh County Clerk of Judicial Records as a defendant, his only pertinent allegation against the clerk relative to the alleged misconduct is that the clerk notified the DOC that he was entitled to 552 days of credit for time served. Thus, the clerk notified the DOC of exactly what the plaintiff is claiming that he should have received in this case, namely, credit for 552 days for time served. Furthermore, it is wholly unclear how the defendants, Jay Jenkins, a prosecutor, or Carol Marciano, a public defender, would have been responsible for calculating the plaintiff's sentence.[12]

The court notes that in his request for reconsideration, the plaintiff states that "although [he] does not explain all allegations against each individual Defendant in his Complaint at this time[, he] 'Demands Trial by Jury' due to the number of Defendants and amount of documents supporting different allegations other than Unlawful Imprisonment[ s]uch as purgery [sic], obstruction of justice,[ ]and violated [sic] due process rights." Request for Reconsideration, Doc. No. 7. As indicated above, the plaintiff cannot wait and must include allegations at this stage that are sufficient to place the defendants on fair notice of their alleged acts that precipitated his claims. Because the plaintiff has failed to do so at this point, the court must dismiss his claims against the remaining defendants as well.[13]

---

[12] To the extent that the plaintiff names Jay Jenkins as a defendant due to his role in prosecuting the Commonwealth's case against the plaintiff, Attorney Jenkins is entitled to absolute prosecutorial immunity. *See Imbler v. Pactman*, 424 U.S. 409, 430 (1976) (explaining that prosecutorial immunity shields prosecutors from liability under section 1983 for "activities [that are] intimately associated with the judicial phase of the criminal process"); *Durham v. McElynn*, 772 A.2d 68, 69-70 (Pa. 2001) (concluding that district attorneys and assistant district attorneys are entitled to absolute immunity from "civil suits claiming damages for actions taken in their official capacities"). As for Carol Marciano, if the plaintiff is suing her in her capacity as his defense attorney, his section 1983 claims against her would fail because she is not a state actor. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." (footnote omitted)).

[13] While most of the court's analysis in this memorandum opinion pertains to the plaintiff's section 1983 claims, the insufficiency of the allegations apply equally to the plaintiff's purported false imprisonment claim under Pennsylvania law insofar as those allegations fail to state a claim against the defendants. To state a claim for false imprisonment, the plaintiff must allege that the defendants unlawfully detained him. *See Renk v. City of Pittsburgh*, 641 A.2d 289, 293 (Pa. 1994) ("The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention."). As indicated above, while the plaintiff includes general allegations that the

As the court is dismissing the plaintiff's amended complaint, the court must also address whether to provide him with leave to amend the complaint. A district court should generally provide a *pro se* plaintiff with leave to amend unless amending would be inequitable or futile. *See Grayson v. Mayview St. Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002) (stating general rule). The court has already provided the plaintiff with leave to file an amended complaint after dismissing the original complaint. Despite obtaining leave to amend, the plaintiff's claims in the amended complaint are either not cognizable or not supported by sufficient allegations to state plausible claims for relief. Nonetheless, as the plaintiff alleges that he was incarcerated well beyond his maximum sentence, the court does not find that allowing him one more opportunity to file an amended pleading would be inequitable or futile in this case. Any such second amended complaint must follow the dictates of this opinion and the plaintiff must not continue to assert claims against individuals or entities that are either immune from suit or that played no role in allegedly violating his rights.

## III. CONCLUSION

For the reasons set forth above, the court will (1) dismiss with prejudice the plaintiff's claims against the DOC, SCI Mercer, SCI Camp Hill, and SCI Graterford, (2) dismiss with prejudice the plaintiff's claims against the defendants, Brian Thompson, Brenda Goodall, Paul P. Theriault, Martin P. Aubel, Amanda Cauvel, Jeffrey P. Hoovler, Mary Ann Durborow, Linda Graves, Michael Appelgarth, Timothy Henry, Terri L. Richardson, Nora M. Williams, Monica B. Knowlden, Melissa L. Myers, Jennifer Lynn Schrift, and Denise L. Woods, in their official

---

defendants were responsible for his continued imprisonment, he fails to allege facts how each defendant played a role in his continued incarceration.

In addition, even if the plaintiff stated a plausible claim for false imprisonment under state law, his failure to maintain his section 1983 claim in this case would be fatal to maintaining the case in federal court because there does not appear to be an independent basis for jurisdiction over the state law claim as the amended complaint suggests that the plaintiff and many (if not all) of the defendants are citizens of the Commonwealth of Pennsylvania. Therefore, the court would not have diversity jurisdiction over the supplemental state law claims under 28 U.S.C. § 1332.

16

capacities, (3) dismiss with prejudice the plaintiff's claims against Judge Anthony; and (4) dismiss without prejudice the plaintiff's remaining claims for failure to state a claim. The plaintiff may file a second amended complaint within 30 days as to only those claims that the court dismissed without prejudice.[14]

An appropriate order follows.

BY THE COURT:



EDWARD G. SMITH, J.

---

[14] If the plaintiff files a second amended complaint, he must identify all of the defendants in the caption of the second amended complaint in addition to the body of the second amended complaint.